UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TZIPPORA MILLER,

                Plaintiff,

       -against-

KELLY KOHLBRENNER; ROCKLAND
HOSPITAL GUILD, INC.,

           Defendants.

26-CV-1457 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se,* has filed a motion for a temporary restraining order and preliminary injunction. To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. For example, Plaintiff asserts constitutional claims under 42 U.S.C. § 1983, but she does not allege facts suggesting that Defendants—a private, non-profit organization and its employee—are state actors who may be held liable under Section 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood*

*Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). She also asserts claims under the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973; even if the Court assumes that Defendants are subject to those statutes, Plaintiff does not allege specific facts suggesting that Defendants discriminated against her on the basis of a disability. *See* 29 U.S.C. § 794(a) (Rehabilitation Act); 42 U.S.C. § 12182(a) (Title III of the ADA). Accordingly, Plaintiff's request for an order to show cause (ECF 1) is denied. The Court will issue an explanatory order at a later date.

### CONCLUSION

Plaintiff's request for an order to show cause (ECF 1) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 25, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2